IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:10CV107-03-MU

SAMUEL R. JACKSON, )
 )
    Plaintiff, )
 )
    v. ) **O R D E R**
 )
H. POPLIN, Programmer; S. )
HOVERMALE, Kitchen Supervisor, )
Sgt. NICHOLSON; Sgt. D. LENTZ )
 )
    Defendant. )
_____)

**THIS MATTER** comes before the Court on initial review of Plaintiff's Complaint under 42 U.S.C. § 1983, filed March 9, 2010. (Document No. 1 ) and his Motion for the Appointment of Counsel (Document. No. 3.)

Turning first to his Motion for the Appointment of Counsel. Appointment of counsel under § 1915(e)(1) in cases brought under 42 U.S.C. § 1983 is discretionary. Whisenant v. Yuan, 739 F.2d 160, 163 (4th Cir. 1984). Counsel should be appointed in "exceptional circumstances." Id.; Cook v. Bounds, 518, F.2d 779 (4th Cir. 1975). The existence of "exceptional circumstances" depends upon two factors: type and complexity of case and the ability of the pro se litigant to present his case. Whisenant, 739 F.2d at 163. The Court does not construe this case as complex and notes that Plaintiff is adequately representing himself at this time.

Next, in his Complaint, Plaintiff contends that Defendants, employees of Lanesboro Correctional Institution, violated the equal protection clause of the Fourteenth Amendment and the due process clause of the Eighth Amendment by hiring others for various jobs at the prison over him.

1

Plaintiff specifically contends that the prisoners that were hired over him for Incentive Wage Positions were not infraction free for 90 days and were not off I CON for 180 days. (Complaint at 3.) Others were hired before him in the kitchen despite assault charges and other infractions on their records. (Id.) Others were hired for a janitor position even though they filled out applications after him or in some instances did not fill out an application at all. (Id.) Plaintiff generally alleges that the actions of the Defendants described above amount to "atypical and significant hardship" because as a result of their actions he is "unable to obtain gain time due to ethnic discrimination."[1] (Id.) Plaintiff further states that he has "already served time in segregation, Max Con and I CON for all [his] infractions. To exclude [him] from the work program because of [his] record is double punishment." (Id.)

Attached to Plaintiff's Complaint is the prison's response to his grievance which explains that Plaintiff is not eligible for the kitchen position because "[t]he Lanesboro incentive wage SOP says inmates have to be infraction free for 90 days and off I CON for 180 days to work in sensitive area. The kitchen is one of the sensitive areas along with maintenance, warehouse, clothes house, canteen and barber shop. You can get a janitor job." (Exhibit to Plaintiff's Complaint.) The response, dated January 6, 2010, notes that Plaintiff's record reveals that he has 152 infractions including several assaults on staff infractions and that he has only been off I Con since July 22, 2009. (Id.)

While an inmate has no federal right to a job assignment, there is a limited exception to that general rule which prohibits a prison official from basing an inmate's job assignment on certain

---

[1] This general reference to "ethnic discrimination" is the only hint Plaintiff provides as to his race discrimination claim. Notably, Plaintiff does not identify his own race.

2

unlawful criteria, such as the inmate's race, religion, or age. Bentley v. Beck, 625 F.2d 70, 71 (5th Cir. 1980) (prisoner's constitutional rights violated where prisoner was denied a job assignment in the prison kitchen because of race). "Racial discrimination in prisoner job assignments states a violation of the equal protection clause of the Fourteenth Amendment and of the due process clause of the Fifth Amendment." Hollingsworth v. Wagoner, 919 F.2d 139 (4th Cir. 1990) (unpublished) (citing Davis v. Postman, 442 U.S. 228 (1979). In order to state a claim for an equal protection violation in a prison setting, "a plaintiff must first demonstrate that he has been treated differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination." Morrison v. Garraghty, 239 F.3d 648 (4th Cir. 2001); see also Johnson v. California, 543 U.S. 499 (2005) (holding that to state a cognizable equal protection claim, a plaintiff must allege that defendants acted with intentional discrimination against a class of inmates which included plaintiff.) To meet this requirement, plaintiff is required to set forth "specific, non-conclusory factual allegations that establish improper motive." Williams v. Hansen, 326 F.3d 569, 584 (4th Cir. 2003).

In the instant Complaint, Plaintiff states only that other people got jobs over him, despite the fact that they also had prior records and had spent time in I CON.[2] However, Plaintiff never identifies what racial group he belongs to nor does he allege discriminatory purpose. Indeed, the response to his grievance, which he attached to his Complaint, indicates that according to prison policy, inmates have to be infraction free for 90 days and off I CON for 180 days to work in sensitive areas such as the kitchen. The response, dated January 6, 2010, indicates that Plaintiff has 152

---

[2] In his Affidavit attached to his Complaint, Plaintiff suggests that one such person is white and another is African American.

infractions, including several assaults on staff infractions, and that he came off I CON on July 22, 2009. Plaintiff only makes the bare assertion of an equal protection and due process claim but he does not allege sufficient facts in support of it. Notably, Plaintiff also does not allege sufficient information to determine whether the other inmates were similarly situated with him and have been treated differently.[3] While this Court is well aware of the requirement to liberally construe a pro se complaint, this Court is not required "to develop tangential claims from scant assertions in the complaint." Lowdermilk v. LaManna, 2009 WL 2601470 (D. S.C. 2009) citing Beaudett v. City of Hampton, 775 F.2d 1274 (4th Cir. 1985).

Reviewing the allegations in Plaintiff's Complaint, other than conclusory allegations, there is no allegation or evidence of discrimination on the behalf of the Defendants regarding Plaintiff's work assignment. Plaintiff has failed to state a claim upon which relief can be granted because he does not allege a discriminatory purpose or even that he is a member of an identifiable group. Further, Plaintiff makes the bare assertion of an equal protection and due process claim, but does not allege sufficient facts in support of the conclusory claim. Finally, Plaintiff does not allege sufficient facts to determine whether the other inmates were similarly situated with him and have been treated differently.) Therefore, Plaintiff's claim is DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim on which relief may be granted and his Motion for the Appointment of Counsel (Doc. No. 3) is DENIED..

---

[3] To the extent Plaintiff is only alleging that he has been discriminated against based on his record in prison, such allegation fails to state a claim for relief as an inmate has no right to a job. Ridings v. Federal Prison Industries, Inc., 238 F.3d 414 (4th Cir. 2000) (unpublished) citing Dewalt v. carter, 224 F.3d 607, 611-18 (7th Cir. 2000); Bentley v. Beck, 625 F.2d 70, 71 (5th Cuir. 1980).

**SO ORDERED**.

Signed: March 12, 2010

Graham C. Mullen
United States District Judge